Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
206 W. 4th St., 3rd Floor
Santa Ana, CA 92701
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff*
*Oussama Issa*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA ISSA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FNBO HOLDINGS, LLC.<br><br>　　　　Defendant. | Case No.: 8:20-cv-465<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1.　Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2.　CAL. CIV. CODE § 1788 *et seq.*; and<br>3.　Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Oussama Issa ("Plaintiff"), by and through his attorneys, alleges the following against Defendant FNBO Holdings, LLC. ("FNBO" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy -Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. 1331.

5. Jurisdiction of this court also arises under 28 U.S.C. § 1332 because (1) the matter in controversy exceeds the sum or value of $75,000.00 and (2) Plaintiff and Defendant are citizens of different States.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

8. Plaintiff is a natural person residing in Orange County, California.

9. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

10. Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. § 1788.2(f).

11. Defendant is a bank holding company that provides credit cards, loans, banking and other financial services to consumers. Defendant can be served through its registered agent for service of process, Maureen O'Connor, located at 1620 Dodge Street, Stop 3290, Omaha, NE 68197.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS
### A. DEBT COLLECTION CALLS

13. Defendant is attempting to collect an alleged debt from Plaintiff.

14. In or around May 2019, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on his cellular phone number ending in 1807.

15. On or about May 21, 2019, at approximately 3:20 p.m., Plaintiff received a call on his cell phone from (800) 537-3302; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

16. During this conversation, Plaintiff spoke with a representative who indicated that Defendant was attempting to collect a debt.

17. Plaintiff explained that he was at work, his work hours were from 6:00 a.m. until 3:30 p.m., and that FNBO should call him after work hours, effectively revoking consent to be called during his work hours.

18. Despite requesting to be contacted after work hours, Defendant continued to call Plaintiff during his work hours.

19. Again, on or about October 10, 2019, at 12:16 p.m., Plaintiff received a call on his cell phone from (800) 424-6920; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

20. During this conversation, Plaintiff spoke with a representative who indicated that Defendant was attempting to collect a debt.

21. Plaintiff stated that he already told Defendant that he works from 6:00 a.m. until 3:30 p.m., and that he requested to be called only after his work hours.

22. Further, Plaintiff stated that moving forward Defendant should contact him in writing only.

23. Between May 21, 2019 and October 10, 2019, Defendant called Plaintiff on his cellular phone approximately one-hundred and seventy-five times (175).

24. Between May 21, 2019 and October 10, 2019, Defendant called Plaintiff on his cell phone approximately one-hundred and twenty (120) times during Plaintiff's work hours.

25. Defendant also sent Plaintiff numerous automated text messages.

26. Defendant called Plaintiff during a time and place it knew was inconvenient for him.

27. Defendant's conduct was done willfully and knowingly.

28. Defendant was aware that Plaintiff had requested to be contacted in only after his work hours, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cellular phone during his work hours.

29. Defendant knew or should have known that Plaintiff did not want any calls during his work hours.

30. Despite knowing this, Defendant continued to bombard Plaintiff's cell phone with automated debt collection calls during his work hours.

31. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

32. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

33. Further, the conduct was done with such frequency so as to harass Plaintiff.

### B. Plaintiff's Counsel's Communications with Defendant

34. On or about November 22, 2019, Plaintiff's counsel sent Defendant's counsel a letter indicating that Plaintiff was being represented by an attorney with respect to his claims.

35. On or about November 25, 2019, Defendant's counsel acknowledged receipt of the letter.

36. On or about December 3, 2019, Gatestone, a debt collector working for Defendant, sent Plaintiff a collection letter attempting to collect on an alleged FNBO debt.

37. Despite Plaintiff's counsel reaching out to Defendant's counsel and receiving acknowledgment of the letter, Defendant continued its attempts to collect from Plaintiff by sending collection letter(s) attempting to collect on the alleged debt.

38. The collection letters sent by Defendant to Plaintiff were sent after Plaintiff's counsel had notified Defendant that Plaintiff was represented by an attorney.

39. Defendant knew that Plaintiff was being represented by an attorney with respect to the alleged debt and could readily ascertain the attorney's name and address, and despite this, continued to communicate with Plaintiff in an attempt to collect on the alleged debt.

40. Plaintiff was informed by his attorneys that once his attorneys had contacted Defendant, they would cease communication with him.

41. However, Defendant's continued communications with Plaintiff made him believe that his attorneys could not help him since the Defendant continued to communicate with Plaintiff, disregarding the representation letters.

42. As a result of Defendant's conduct, Plaintiff began to suffer from emotional distress, including fear, confusion, and stress and Plaintiff began to doubt that his attorneys' could help him.

43. Defendant acted maliciously and subjected Plaintiff to oppression.

44. Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights and fear.

## COUNT I
**(Violations of the TCPA, 47 U.S.C. § 227)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned

to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

47. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of CAL. CIV. CODE § 1788 *et seq*.)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

c. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

d. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

  i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(2), by communicating with Plaintiff when the Defendant knew that the Plaintiff was being represented by an attorney with respect to the alleged debt and Defendant could readily ascertain the attorney's name and address;

  ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

  iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

   iv. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

50. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. Defendant was aware of Plaintiff's financial situation, that he had no money, that he was barely making enough to survive and that he requested all communications be in writing only, and yet, Defendant continued to call Plaintiff in an attempt to harass him to pay the debt.

52. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
**(Intrusion Upon Seclusion)**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

55. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    e. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for Defendant to contact Plaintiff in writing only.

    f. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests to be contacted in writing only constitute an intrusion on Plaintiff's privacy and solitude.

    g. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and daily schedule.

    h. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

56. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Oussama Issa, respectfully requests judgment be entered against Defendant FNBO Holdings, LLC for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Declaratory judgment that Defendant violated the RFDCPA;

C. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

D. Actual damages pursuant to Cal. Civ. Code §1788.30(a) and Cal. Civ. Code § 1788.30(b);

E. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

F. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 6th day of March 2020.

**HAMMOUD LAW, P.C.**

By: /s/ *Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
206 W. 4th St., 3rd Floor
Santa Ana, CA 92701
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Oussama Issa*